**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TYJUAN ANDERSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-cv-50065 |
| | ) | |
| CITY OF ROCKFORD, DOUG PALMER, | ) | |
| DOMINIC IASPARRO, JOSEPH STEVENS, | ) | |
| JAMES RANDALL, SCOTT MASTROIANNI, | ) | |
| THEO GLOVER, KURT WHISENHAND, | ) | |
| TORRY REGEZ, BRAD LARSON, | ) | |
| ROCKFORD POLICE OFFICER GRINDEY, | ) | |
| SHERYL LINDMARK, AS THE | ) | |
| INDEPENDENT EXECUTOR OF THE ESTATE | ) | |
| OF GREGORY LINDMARK, AND | ) | |
| UNKNOWN EMPLOYEES OF THE CITY OF | ) | |
| ROCKFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant SHERYL LINDMARK AS THE INDEPENDENT

EXECUTOR OF THE ESTATE OF GREGORY LINDMARK, by and through her attorneys,

BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP, and for her Answer to

Plaintiff's Second Amended Complaint, respectfully states as follows:

**Introduction**

1.      Plaintiff Tyjuan Anderson spent years in prison and on other forms of detention

for the murder of Demarcus Hanson.

**ANSWER:**  Defendant admits the allegations of Paragraph #1 of Plaintiff's Second

Amended Complaint.

2.     Anderson did not commit the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 8 of the Plaintiff's Second Amended Complaint.

3.     Mr. Anderson along with his criminal co-defendants (now themselves plaintiffs) are innocent.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 3 of the Plaintiff's Second Amended Complaint.

4.     Mr. Anderson was convicted after the Defendants engaged in a smorgasbord of egregious wrongdoing, including fabricating statements, threatening witnesses and withholding highly exculpatory evidence – including a third party confession of the real killer – in an effort to shortcut the investigatory process and frame Plaintiff for a crime he did not commit.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 4 of the Plaintiff's Second Amended Complaint.

5.     Never giving up on proving his innocence, Mr. Anderson filed Post-Conviction Petitions.

**ANSWER:** The Defendant admits that Plaintiff filed a Post-Conviction Petition.  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the remaining allegations of Paragraph # 5 of the Plaintiff's Second Amended Complaint.

6.    During the Post-Conviction proceedings, Defendant Doug Palmer came forward
      and confessed to a host of misconduct that violated Plaintiffs' right to due process
      – a confession that he has stood by despite being attacked by his former
      colleagues and threatened with perjury.

**ANSWER:**  Defendant admits that Defendant Doug Palmer testified during Post-Conviction proceedings.  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the remaining allegations of Paragraph # 6 of the Plaintiff's Second AmendedComplaint.

7.    The Defendants, in their zeal to frame Anderson, purposely ignored compelling
      evidence that two other individuals, Kefentse Taylor and Casel Montgomery,
      actually committed the shooting. Taylor has since died.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 7 of the Plaintiff's Second Amended Complaint.

8.    Montgomery was confronted on the stand with his wrongdoing. Rather than
      answer questions about his whereabouts on the night of the shooting, he invoked
      his Fifth Amendment rights because he had a legitimate concern that testifying
      would subject him to criminal liability for the Hanson murder.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 8 of the Plaintiff's Second Amended Complaint.

9.     On March 19, 2013, after a lengthy evidentiary hearing during which Mr.

       Anderson presented overwhelming evidence of his innocence, the conviction was

       vacated and a new trial ordered.

**ANSWER:** Defendant admits that Plaintiff's conviction was vacated and a new trial

ordered. The Defendant is without sufficient information or knowledge to form a belief

and answer regarding the truth or falsity of the remaining allegations of Paragraph # 9 of

the Plaintiff's Second Amended Complaint.

10.    On November 6, 2015, after a two-week retrial, Mr. Anderson was acquitted of all

       charges.

**ANSWER:** Defendant admits the allegations of Paragraph # 10 of Plaintiff's Second

Amended Complaint.

### Parties-Jurisdiction and Venue

11.    Mr. Tyjuan Anderson is a 33-year-old resident of Rockford, Illinois. Mr.

       Anderson is the father of a young child who was born during his 2015 trial.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 11 of the

Plaintiff's Second Amended Complaint.

12.    Mr. Anderson was jointly charged and tried with Anthony Ross and Lumont

       Johnson. They too were acquitted. (Collectively they will be referred to as

       "Plaintiffs").

**ANSWER:** Defendant admits the allegations of Paragraph # 12 of Plaintiff's Second

Amended Complaint.

13.     At all times relevant hereto, Defendants Doug Palmer, Dominic Iasparro, Joseph

        Stevens, James Randall, Scott Mastroianni, Theo Glover, Gregory Lindmark, Kurt

        Whisenhand, Torry Regez, Brad Larson, and Officer Gindey (hereinafter

        "Defendant Officers") were police officers in the Rockford Police Department.

        All are sued in their individual capacities, and acted under color of law and within

        the scope of their employment during the investigation and trials of the murder at

        issue.

**ANSWER:**  Defendant admits the allegations of Paragraph # 13 of Plaintiff's Second

Amended Complaint.

14.     The true names and capacities of John Does One though Nine are presently

        unknown to the Plaintiff. Plaintiff is informed and believes, and based on such

        belief alleges that each of said John Does is or was at times relevant responsible

        for damages suffered by ANDERSON. Leave of Court will be sought to amend

        this complaint to include the true names and capacities of John Does One through

        Nine as soon as such information becomes known to ANDERSON.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 14 of the

Plaintiff's Second Amended Complaint.

15.     Defendant City of Rockford is an Illinois municipal corporation. The City of

        Rockford is or was the employer of each of the Defendant Officers.

**ANSWER:**  Defendant admits the allegations of Paragraph # 15 of Plaintiff's Second

Amended Complaint.

16.     This is a civil action seeking money damages on behalf of Plaintiff Tyjuan

        Anderson (herein "ANDERSON"), under 42 U.S.C. § 1983 for violations of

        ANDERSON'S constitutional rights under the First, Fourth, Fifth, Sixth, and

        Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendant admits that this is a civil action seeking money damages brought

under 42 U.S.C. 1983 but specifically answers the remaining allegations as more fully set

forth herein.

17.     This Court has original jurisdiction of ANDERSON'S causes of action under 28

        U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983.

**ANSWER:** Defendant admits the allegations of Paragraph # 17 of Plaintiff's Second

Amended Complaint.

18.     Venue is proper with this Court under 28 U.S.C. 1391 (b) as a substantial part of

        the events and omissions giving rise to the claims asserted herein occurred in the

        Northern District of Illinois.

**ANSWER:** Defendant admits that venue is proper under 28 U.S.C. § 1391(b) but

specifically answers the remaining allegations as more fully set forth herein.

19.     On March 19, 2013, the Order granting ANDERSON'S Post-Conviction relief

        was entered, vacating his conviction. The decision was affirmed on appeal by the

        Appellate Court of Illinois, Second District, on November 14, 2014.

**ANSWER:** Defendant admits the allegations of Paragraph # 19 of Plaintiff's Second

Amended Complaint.

**The Crime**

20.     On April 14, 2002, eight-year-old Demarcus Hanson was killed by shots that were

fired through a window in his grandmother Estella Dowthard's house.

**ANSWER:**  Defendant admits the allegations of Paragraph # 20 of Plaintiff's Second

Amended Complaint.

21.     Estella Dowthard called 911 at 2:53 a.m. to report the shooting.

**ANSWER:**  Defendant admits the allegations of Paragraph # 21 of Plaintiff's Second

Amended Complaint.

22.     According to the police, the shooting was a misfire; the shooters were aiming at

Estella Dowthard's son, Alex Dowthard, but accidentally hit Demarcus Hanson.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 22 of the

Plaintiff's Second Amended Complaint.

**Plaintiffs' Innocence**

23.     None of the other defendants were involved with this crime. In fact, they were

nowhere near the house at the time it occurred.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 23 of the

Plaintiff's Second Amended Complaint.

24.     Earlier in the night, Plaintiffs had been with each other visiting with friends and

going to a nightclub.

7

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 24 of the Plaintiff's Second Amended Complaint.

25. At the time of the shooting, all three men were elsewhere: Mr. Johnson and Mr. Anderson were together at Mr. Anderson's house, and Mr. Ross was at his own home.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 24 of the Plaintiff's Second Amended Complaint.

26. Mr. Johnson made several phone calls to his friend trying to find a place to stay that evening because he had had a fight with his girlfriend. The calls occurred between 2:46 a.m. and 2:53 a.m.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 26 of the Plaintiff's Second Amended Complaint.

27. Mr. Ross was at home when the shooting occurred, with his then-girlfriend Toni Gulley and their infant baby.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 27 of the Plaintiff's Second Amended Complaint.

**The Police Investigation**

28. There was never any physical evidence linking Plaintiffs to this crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 28 of the Plaintiff's Second Amended Complaint.

29. None of their fingerprints or DNA were found at the crime scene.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 29 of the Plaintiff's Second Amended Complaint.

30. The Defendant Officers spoke to Plaintiffs on the day of the shooting.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 30 of the Plaintiff's Second Amended Complaint.

31.    When Mr. Ross, Mr. Johnson and Mr. Anderson learned that the police wanted to speak with them, each went to the police station and told the Defendant Officers about their whereabouts – that they were elsewhere and innocent.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 31 of the Plaintiff's Second Amended Complaint.

32.    Mr. Johnson, Mr. Ross and Mr. Anderson were each released from custody that day.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 32 of the Plaintiff's Second Amended Complaint.

33. Javarus Williams, the fourth person that Anderson, Ross, and Johnson were with on the night of the shooting, also voluntarily came to the police station on the day of the

shooting. Williams gave a statement consistent with what Anderson, Ross, and
Johnson had already told the police. He corroborated the fact that the four were
together that night and that they then went home.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 33 of the
Plaintiff's Second Amended Complaint.

34. Also on the day of the shooting, the Defendant Officers spoke to the suspected target
of the shooting, Alex Dowthard.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 34 of the
Plaintiff's Second Amended Complaint.

35. Mr. Dowthard, who was then on parole, told the Defendant Police Officers that he
was not present at the time of the shooting and could not identify the shooters.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 35 of the
Plaintiff's Second Amended Complaint.

36. Mr. Dowthard admitted to possessing and shooting a firearm in a separate incident,
and therefore was taken into custody on a parole violation.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 36 of the
Plaintiff's Second Amended Complaint.

37. Mr. Dowthard remained in custody until he changed his story.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 37 of the Plaintiff's Second Amended Complaint.

38. Shortly before the Demarcus Hanson shooting, Alex Dowthard had tried to frame ANDERSON, Ross, and Johnson for a separate incident in which Dowthard was shot.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 38 of the Plaintiff's Second Amended Complaint.

39. Dowthard's attempt to falsely frame ANDERSON, Ross, and Johnson for the shooting failed when the police investigation confirmed that Dowthard had been shot by a member of his own street gang.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 39 of the Plaintiff's Second Amended Complaint.

40. On April 24, 2002, Antowan Lambert, went to the police station and told detectives that Ross and Johnson were responsible for the murder of Demarcus Hanson.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 40 of the Plaintiff's Second Amended Complaint.

41. Lambert claimed that he had gotten this information from Lataurean Brown, who he said was with Alex Dowthard on the night of the shooting.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 41 of the Plaintiff's Second Amended Complaint.

42. Lambert was the leader of Dowthard's gang.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 42 of the Plaintiff's Second Amended Complaint.

43. After speaking with Antowan Lambert, the police called Lataurean Brown.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 43 of the Plaintiff's Second Amended Complaint.

44. Initially Brown did not corroborate Lambert's account of the shooting.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 44 of the Plaintiff's Second Amended Complaint.

45. Still, Brown told the Defendant Officers that Dowthard had shot at a blue suburban earlier that night, and that after that shooting, he and Dowthard drove to Estella Dowthard's home where Alex Dowthard hid his gun.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 45 of the Plaintiff's Second Amended Complaint.

46. Brown did not initially tell Defendant Police Officers that he witnessed the shooting at Estella Dowthard's house, or that he saw ANDERSON, Ross or Johnson at Estella Dowthard's house.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 46 of the Plaintiff's Second Amended Complaint.

47. From that point the investigation went cold.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 47 of the Plaintiff's Second Amended Complaint.

### The Defendants' Misconduct

48. Determined to "solve" the Hanson murder, the Defendant Officers engaged in a campaign of misconduct to frame Plaintiffs for a crime they did not commit.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 48 of the Plaintiff's Second Amended Complaint.

49. To do so, the Defendant Officers fabricated witness statements, coerced, hit and threatened witnesses, and withheld exculpatory evidence that not only would have explained why witnesses were falsely incriminating Plaintiffs, but also the identity of the real shooters.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 49 of the Plaintiff's Second Amended Complaint.

50. That misconduct was never disclosed to the prosecutor or Plaintiffs' defense
attorneys.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 50 of the
Plaintiff's Second Amended Complaint.

51. Indeed, the prosecutor stated that had he known of this egregious litany of
wrongdoing, it would have set off a cataclysmic chain of events, unraveling the
criminal investigation and Plaintiffs' prosecution.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 51 of the
Plaintiff's Second Amended Complaint.

### The Defendants Coerce and manufacture the Key Witnesses and Fabricate Their Statements

52. The Defendant Officers coerced and fabricated the statements of the State's key
witnesses.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 52 of the
Plaintiff's Second Amended Complaint.

53. To induce Lataurean Brown to alter his statement that he did not see the shooters, the
Defendant Officers threatened him.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 53 of the Plaintiff's Second Amended Complaint.

54. The Officers fabricated a statement for Brown to sign that would support their "theory" of the shooting.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 54 of the Plaintiff's Second Amended Complaint.

55. Defendant Officers further suborned perjury by instructing Brown to testify consistent with his police statement at Plaintiffs' trials even though it was false and fabricated.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 55 of the Plaintiff's Second Amended Complaint.

56. Alex Dowthard was similarly manipulated.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 56 of the Plaintiff's Second Amended Complaint.

57. When questioned at the beginning of the investigation, Mr. Dowthard repeatedly told the Defendant Officers that he did not see the shooters.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 57 of the Plaintiff's Second Amended Complaint.

58. The Defendant Officers threatened Mr. Dowthard that if he did not change his story, they would keep him imprisoned on a parole hold and bring additional criminal charges against him.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 58 of the Plaintiff's Second Amended Complaint.

59. The Defendant Officers also beat Mr. Dowthard.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 59 of the Plaintiff's Second Amended Complaint.

60. Mr. Dowthard was then provided with details of the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 60 of the Plaintiff's Second Amended Complaint.

61. Dowthard falsely implicated Plaintiffs in the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 61 of the Plaintiff's Second Amended Complaint.

62. When confronted with evidence that he gave false statements and testimony about the shooting, at both the post-conviction evidentiary hearing and 2015 trial, he invoked his Fifth Amendment right.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 62 of the Plaintiff's Second Amended Complaint.

63. To compound this unconstitutional conduct, the Defendant Officers buried evidence that both thoroughly impeached Mr. Brown's and Mr. Dowthard's false and fabricated statements that Plaintiffs committed the Hanson murder, and would have corroborated the fact that neither saw the offenders and could not identify them.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 63 of the Plaintiff's Second Amended Complaint.

64. In particular, the Defendant Officers spoke to Mr. Brown's cousin. Mr. Brown's cousin told the Defendant Officers that right after the shooting, she spoke to Mr. Brown and Mr. Dowthard at Concord Commons. Mr. Brown and Mr. Dowthard told her that they did not see who committed the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 64 of the Plaintiff's Second Amended Complaint.

65. Notwithstanding the obvious importance and exculpatory value of this information, the Defendant Officers failed to disclose it to the prosecution or defense.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 65 of the Plaintiff's Second Amended Complaint.

**The Defendants Coerce and Threaten Other Witnesses**

66. The Defendant Officers similarly coerced other witnesses into giving false evidence and failed to disclose the fact of those coercions.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 66 of the Plaintiff's Second Amended Complaint.

67. For example, the Defendant Officers threatened to take witness Carmen Hearns' children to the Department of Children and Family Services ("DCFS") and re-activate an old misdemeanor charge into a felony.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 67 of the Plaintiff's Second Amended Complaint.

68. Even though Ms. Hearns told the Defendant Officers that she did not know anything about the shooting, the Defendant Officers told her that if she did not give them something, they were going to lock her up.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 68 of the Plaintiff's Second Amended Complaint.

69. The Defendant Officers made good on their promise to "lock her up". After two days in jail, Ms. Hearns agreed to sign a fabricated statement that the Defendant Officers had pre-written, which falsely inculpated Plaintiffs in the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 69 of the Plaintiff's Second Amended Complaint.

70. Similarly, the Defendant Officers threatened and harassed Toni Gulley in an effort to destroy Mr. Ross' alibi. The Defendant Officers told Ms. Gulley that she must have been mistaken about the time that Mr. Ross came home, and that if she did not "cooperate" with the Defendant Officers, they would call DCFS and report her for child neglect. The Defendants further created false reports saying that Ms. Gulley could have been wrong when she provided the time that Mr. Ross came home.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 70 of the Plaintiff's Second Amended Complaint.

71. In addition, the Defendant Officers coerced and physically abused another witness when he threatened to change his story and expose the Defendant Officers' lies about how the Hanson shooting occurred. The Defendant Officers told him to testify consistent with those lies, and hit him and threatened to arrest his mother if he did not.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 71 of the Plaintiff's Second Amended Complaint.

**The Defendants Bury and Destroy Evidence
Of the Identity of the Real Offenders**

72. The Defendant Officers unlawfully buried and destroyed any evidence demonstrating that two other people – Kefentse Taylor and Casel Montgomery – committed the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 72 of the Plaintiff's Second Amended Complaint.

73. Defendant Lindmark told the other Defendant Officers to make a liar out of anyone that pointed the finger at Taylor and Montgomery, or discredited the police version that Plaintiffs and Mr. Anderson committed the crime. The Defendant Officers did just that.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 73 of the Plaintiff's Second Amended Complaint.

74. For example, the Defendant Officers received highly detailed and credible information from a witness who was with Mr. Taylor and Mr. Montgomery on the night of the shooting and who directly implicated Mr. Montgomery and Mr. Taylor in the crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 74 of the Plaintiff's Second Amended Complaint.

75. Rather than investigate the information that the witness provided, the Defendant Officers met with the witness a second time.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 75 of the Plaintiff's Second Amended Complaint.

76. The Defendant Officers handed the witness a statement that the Defendant Officers
had already written out for the witness to sign, that falsely recanted the information
he had provided about Mr. Montgomery's and Mr. Taylor's culpability for the
Hanson shooting.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 76 of the
Plaintiff's Second Amended Complaint.

77. To induce the witness to make the false and fabricated recantation, the Defendant
Officers threated the witness. That misconduct was never disclosed to the prosecution
or the defense.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 77 of the
Plaintiff's Second Amended Complaint.

78. The Defendant Officers received information from a second witness that Mr. Taylor
had confessed to the Hanson shooting.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 78 of the
Plaintiff's Second Amended Complaint.

79. Despite the obvious exculpatory value of that evidence, it was buried and never
turned over to the prosecutor or to Plaintiff's criminal defense attorneys.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a
belief and answer regarding the truth or falsity of the allegations of Paragraph # 79 of the
Plaintiff's Second Amended Complaint.

80. The Defendant Officers told this second witness that if his information was not about Plaintiffs they did not want to hear it.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 80 of the Plaintiff's Second Amended Complaint.

81. On July 2, 2002 Anderson was arrested and charged with first degree murder.

**ANSWER:** Defendant admits the allegations of Paragraph # 81 of Plaintiff's Second Amended Complaint.

82. Officers Larson and Gandey claim that while Anderson was being processed at the Rockford Police Department he made statements which were introduced as incriminating statements or tacit admissions, at both trials.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 82 of the Plaintiff's Second Amended Complaint.

83. Larson testified to the statements at both trials.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 83 of the Plaintiff's Second Amended Complaint.

84. Anderson denies making the statements.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 84 of the Plaintiff's Second Amended Complaint.

**Plaintiff's Wrongful Conviction**

85. As a result, Plaintiffs were wrongfully prosecuted and convicted, and the real killers – Mr. Taylor and Mr. Montgomery – were never prosecuted for this crime.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 85 of the Plaintiff's Second Amended Complaint.

86. As a result of the Defendants' misconduct, Plaintiffs were convicted of first-degree murder and sentenced to 50 years in prison.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 86 of the Plaintiff's Second Amended Complaint.

87. During the trial, the Defendants not only suborned perjury – e.g., telling Mr. Brown and Mr. Dowthard to testify consistent with their false and fabricated statements – but also committed perjury themselves by lying about their conduct during the investigation, their role in procuring false statements, and about the reliability of various statements obtained in the investigation.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 87 of the Plaintiff's Second Amended Complaint.

88. Without the Defendants' misconduct, Plaintiffs would not have been prosecuted or convicted.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 88 of the Plaintiff's Second Amended Complaint.

**Plaintiffs' Exoneration**

89. Never giving up hope and remaining steadfast in their protestations of innocence, the Plaintiffs filed Post-Conviction Petitions challenging their convictions.

**ANSWER:** Defendant admits that Plaintiffs filed Post-Conviction Petitions. The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the remaining allegations of Paragraph # 89 of the Plaintiff's Second Amended Complaint.

90. During those proceedings Defendant Palmer admitted to a host of misconduct that he and the Defendant Officers committed in an effort to frame the Plaintiffs for a crime that they did not commit.

**ANSWER:** Defendant admits that Defendant Palmer testified during the Post-Petition Proceedings. The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the remaining allegations of Paragraph # 90 of the Plaintiff's Second Amended Complaint.

91. Defendant Palmer testified to the same during the Plaintiffs' post-conviction evidentiary hearing.

**ANSWER:** Defendant admits that Defendant Palmer testified during the Post-Petition Proceedings. The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the remaining allegations of Paragraph # 91 of the Plaintiff's Second Amended Complaint.

24

92. On March 19, 2013, the Circuit Court granted Plaintiffs' post-conviction petitions, overturning their convictions, vacating their sentences and granting them new trials. That decision was affirmed on appeal.

**ANSWER:** Defendant admits the allegations of Paragraph # 92 of Plaintiff's Second Amended Complaint.

93. During the course of the investigation, ANDERSON was offered a plea deal which would have required him to falsely implicate Johnson and Ross in the shooting. Had he done so, he would have been granted probation and never served a day in prison. He refused to join the Defendant Officers' scheme to manufacture evidence and maintained his innocence.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 93 of the Plaintiff's Second Amended Complaint.

### Rockford's Code of Silence

94. The constitutional injuries that Plaintiff suffered were caused by the policies and practices of the Rockford Police Department.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 94 of the Plaintiff's Second Amended Complaint.

95. In particular, there was a "code of silence" that permeated the Department. As Defendant Palmer testified, that code meant "[k]eep your mouth shut and do what you're told." In other words, Rockford police officers are taught to look the other way

25

and acquiesce when fellow officers are committing misconduct; under no circumstances were officers to provide adverse information against a fellow officer.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 95 of the Plaintiff's Second Amended Complaint.

96. As a result of that code of silence, Rockford police officers are not properly supervised or disciplined in any way. To the contrary, officers are allowed to continue to commit misconduct with impunity, including the type of misconduct at issue here.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 96 of the Plaintiff's Second Amended Complaint.

97. Indeed, within the Rockford Police Department, there was a policy and practice of taking short cuts to solve criminal investigations, including by fabricating statements, coercing witnesses and withholding exculpatory and impeachment evidence.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 97 of the Plaintiff's Second Amended Complaint.

98. This policy and practice repeated itself in numerous criminal investigations conducted by the Rockford Police Department. As Defendant Palmer has testified, that misconduct was widespread.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 98 of the Plaintiff's Second Amended Complaint.

99. Nonetheless, and despite notice to (and often involvement of) policymakers in the above-described unconstitutional policies and practices, there was no effort to rectify any such misconduct. The City of Rockford and officials within the Department failed to act to remedy the abuses described in the preceding paragraphs, despite actual knowledge of the pattern of misconduct. They thereby perpetuated the unlawful practices and ensured that no action would be taken (independent of the judicial process) to remedy Plaintiffs' ongoing injuries.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 99 of the Plaintiff's Second Amended Complaint.

100. The policies and practices described in the foregoing paragraphs were consciously approved by City of Rockford policymakers who were deliberately indifferent to the violations of constitutional rights described herein.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 100 of the Plaintiff's Second Amended Complaint.

101. Those policies and practices were the proximate cause of the constitutional injuries that Plaintiff sustained, as described more fully above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 101 of the Plaintiff's Second Amended Complaint.

102. Moreover, The City's failure to train its officers effectively condones, ratifies, and sanctions the kind of misconduct that the Defendant Officers committed against

27

Plaintiffs in this case. Constitutional violations such as occurred in this case are encouraged and facilitated as a result of the City's practices and *de facto* policies, as alleged above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 102 of the Plaintiff's Second Amended Complaint.

### Plaintiff's Damages

103.    Plaintiff spent over a decade in prison for a crime he did not commit. He spent other time in the Winnebago County Jail and on home detention.

**ANSWER:** Defendant admits only the fact that Plaintiff spent time in prison. The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the remaining allegations of Paragraph # 103 of the Plaintiff's Second Amended Complaint.

104.    During their wrongful incarceration, the Plaintiff was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right. He missed out on the ability to conceive and raise children, share holidays, births, funerals and other life events with loved ones, and the fundamental freedom to live one's life as an autonomous human being.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 104 of the Plaintiff's Second Amended Complaint.

105.    As a result of his wrongful incarceration, Plaintiffs must now attempt to rebuild

his life all without the benefit of over a decade of life experience that ordinarily equip

adults for that task.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 105 of

the Plaintiff's Second Amended Complaint.

106.    Plaintiff has suffered tremendous damage, including physical sickness and injury

and emotional damages, all proximately caused by Defendants' misconduct.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 106 of

the Plaintiff's Second Amended Complaint.

**Count I – Due Process**
**42 U.S.C. § 1983**

107.    Each of the Paragraphs of this Complaint is incorporated as if restated fully

herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 106 as her answer

to Paragraph # 107 of Plaintiff's Second Amended Complaint.

108.    As described more fully above, the Defendant Officers, while acting individually,

jointly, and in conspiracy with other named and unnamed individuals, as well as

under color of law and within the scope of their employment, deprived Plaintiffs of

their constitutional right to a fair trial.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 108 of

the Plaintiff's Second Amended Complaint.

109.    In the manner described more fully above, the Defendant Officers deliberately withheld exculpatory and impeachment evidence, fabricated false statements, reports and other evidence, and suborned perjury, thereby misleading and misdirecting the criminal prosecutions of Plaintiff. Absent this misconduct, the prosecutions of Plaintiffs could not and would not have been pursued.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 109 of the Plaintiff's Second Amended Complaint.

110.    The Defendant Officers' misconduct also directly resulted in the unjust criminal convictions of Plaintiff, thereby denying him their constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 110 of the Plaintiff's Second Amended Complaint.

111.    As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including, but not limited to, incarceration, physical sickness and injury, and emotional distress, as is more fully alleged above.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 111 of the Plaintiff's Second Amended Complaint.

112.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 112 of the Plaintiff's Second Amended Complaint.

113.    The misconduct by the Defendant Officers described in this Count was undertaken pursuant to the policy and practice of the Rockford Police Department, which Plaintiff was the victims of, and his injuries were proximately caused by a policy and practice on the part of the City of Rockford to pursue and secure false convictions through profoundly flawed investigations as described throughout this complaint.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 113 of the Plaintiff's Second Amended Complaint.

114.    Specifically, during the relevant time period, a group of Rockford police officers, including some or all of the Defendant Officers herein, engaged in a systematic pattern of coercion, fabrication of evidence, withholding of exculpatory information, and other illegal tactics, the sum total of which completely corrupted the investigative process.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 114 of the Plaintiff's Second Amended Complaint.

115.    This institutional desire to close cases through unconstitutional tactics regardless of actual guilt or innocence, in order to enhance police officers' personal standing in

the Department, was known to the command personnel, who themselves participated

in the practice.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 115 of

the Plaintiff's Second Amended Complaint.

116.   The above-described widespread practices, so well-settled as to constitute *de facto*

policy in the Rockford Police Department during the time period at issue, were able

to exist and thrive because municipal policymakers with authority over the same

either concurred with the practices or exhibited deliberate indifference to the problem.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 116 of

the Plaintiff's Second Amended Complaint.

117.   The widespread practices described in the preceding paragraphs were allowed to

take place because the City declined to implement sufficient training and/or any

legitimate mechanism for oversight or punishment. Indeed, the Department's system

for investigating and disciplining police officers accused of the type of misconduct

that befell Plaintiffs was, and is, for all practical purposes, nonexistent. Indeed, the

Department maintained a "code of silence" that effectively eliminated any form of

accountability, discipline or oversight.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 117 of

the Plaintiff's Second Amended Complaint.

118.     Rockford police officers who manufactured criminal cases against individuals

such as Plaintiffs had every reason to know that they not only enjoyed *de facto*

immunity from criminal prosecution and/or Departmental discipline, but that they

also stood to be rewarded for closing cases no matter what the costs. In this way, this

system proximately caused abuses, such as the Defendant Officers' misconduct at

issue in this case.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 118 of

the Plaintiff's Second Amended Complaint.

**Count II - Failure to Intervene**
**42 U.S.C. § 1983**

119.     Each of the Paragraphs of this Complaint is incorporated as if restated fully

herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 118 as her answer

to Paragraph # 119 of Plaintiff's Second Amended Complaint.

120.     In the manner described above, during the Constitutional violations described

above, one or more of the Defendant Officers (including as-yet-unknown Police

Officers) stood by without intervening to prevent the misconduct.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 120 of

the Plaintiff's Second Amended Complaint.

121.     As a result of the Defendant Officers' failure to intervene to prevent the violation

of Plaintiff's constitutional rights, Plaintiff suffered damages, including physical

sickness and injury, as well as emotional distress. These Defendants had a reasonable

opportunity to prevent this harm, but failed to do so.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 121 of

the Plaintiff's Second Amended Complaint.

122.    The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 122 of

the Plaintiff's Second Amended Complaint.

123.    The Defendant Officers' misconduct described in this Count was undertaken

pursuant to Rockford's policy and practice in the manner described in preceding

paragraphs.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 123 of

the Plaintiff's Second Amended Complaint.

**Count III - Conspiracy**
**42 U.S.C. § 1983**

124.    Each of the Paragraphs of this Complaint is incorporated as if restated fully

herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 123 as her answer

to Paragraph # 124 of Plaintiff's Second Amended Complaint.

125.    Prior to arresting Plaintiff, the Defendant Officers reached an agreement amongst themselves to frame Plaintiffs for the crime, and to thereby deprive Plaintiffs of their constitutional rights, all as described in the various Paragraphs of this Complaint.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 125 of the Plaintiff's Second Amended Complaint.

126.    In addition, before and after Plaintiff's conviction, each of the Defendant Officers further conspired, and continue to conspire, to deprive Plaintiff of exculpatory materials to which they are lawfully entitled and which would have led to their more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 126 of the Plaintiff's Second Amended Complaint.

127.    In this manner, the Defendant Officers, acting in concert with each other and with other unknown co-conspirators, including persons who are and who are not members of the Rockford Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 127 of the Plaintiff's Second Amended Complaint.

128.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 128 of the Plaintiff's Second Amended Complaint.

129.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and they suffered physical injury and sickness, and severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 129 of the Plaintiff's Second Amended Complaint.

130.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 130 of the Plaintiff's Second Amended Complaint.

131.    The Defendant Officers' misconduct described in this Count was undertaken pursuant to the policy and practice of the Rockford Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for Rockford with final policymaking authority.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 131 of the Plaintiff's Second Amended Complaint.

## Count VII (Count IV-*sic*) - Supervisor Liability
## 42 U.S.C. § 1983

132.    Each of the Paragraphs of this Complaint is incorporated as if restated fully

herein.

**ANSWER:**  Defendant incorporates her answers to Paragraphs # 1 – 131 as her answer

to Paragraph # 132 of Plaintiff's Second Amended Complaint.

133.    The constitutional injuries complained of herein were proximately caused by a

pattern and practice of misconduct, which occurred with the knowledge and consent

of those of the Defendant Officers who acted in a supervisory capacity, including but

not limited to Defendants Iasparro, Lindmark and Glover, such that these officers

personally knew about, facilitated, approved, and/or condoned this pattern and

practice of misconduct, or least recklessly caused the alleged deprivation by their

actions or by their deliberately indifferent failure to act.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 133 of

the Plaintiff's Second Amended Complaint.

134.    The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 134 of

the Plaintiff's Second Amended Complaint.

135.    The misconduct described in this Count was undertaken pursuant to the City's

policy and practice in the manner more fully described above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 135 of the Plaintiff's Second Amended Complaint.

136.    As a result of this violation, Plaintiffs suffered injuries, including but not limited to physical sickness and injuries, and emotional distress, as is more fully alleged above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 136 of the Plaintiff's Second Amended Complaint.

137.    Absent knowing participation by the command personnel responsible for supervising the Defendant Officers, the misconduct alleged in this Complaint could not have occurred.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 137 of the Plaintiff's Second Amended Complaint.

### Count VIII (Count V-*sic*) – Malicious Prosecution
### 42 U.S.C. § 1983

138.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 137 as her answer to Paragraph # 138 of Plaintiff's Second Amended Complaint.

139.    Defendant Officers caused Plaintiffs to be improperly subjected to judicial proceedings for which there was no legitimate probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all

such proceedings were ultimately terminated in Plaintiffs' favor in a manner indicative of his innocence.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 139 of the Plaintiff's Second Amended Complaint.

140.    The Defendant Officers accused Plaintiffs of criminal activity knowing those accusations to be without genuine probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 140 of the Plaintiff's Second Amended Complaint.

### Count IX (Count VI-*sic*) – State Law Claim
### Malicious Prosecution

141.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 140 as her answer to Paragraph # 141 of Plaintiff's Second Amended Complaint.

142.    Defendant Officers caused the Plaintiffs to be improperly subjected to judicial proceedings for which there was no legitimate probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in the Plaintiff's favor in a manner indicative of innocence.

39

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 142 of the Plaintiff's Second Amended Complaint.

143.     Defendant Officers accused the Plaintiffs of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 143 of the Plaintiff's Second Amended Complaint.

144.     Defendant Officers also fabricated evidence and failed to disclose the manner in which that evidence was fabricated. Additionally, the Defendant Officers withheld evidence that would have proven the Plaintiff's innocence.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 144 of the Plaintiff's Second Amended Complaint.

145.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 145 of the Plaintiff's Second Amended Complaint.

146.     As a result of this misconduct, the Plaintiff sustained injuries, including physical injury and sickness, and emotional pain and suffering, as more fully alleged above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 146 of the Plaintiff's Second Amended Complaint.

### Count X (Count VII-*sic*) -- State Law Claim
### Intentional Infliction of Emotional Distress

147.    Each of the Paragraphs of this Complaint is incorporated as if restated fully
herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 146 as her answer to Paragraph # 147 of Plaintiff's Second Amended Complaint.

148.    In the manner described more fully above, by wrongfully inculpating the Plaintiff in a crime he did not commit, Defendant Officers intended to cause emotional distress.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 148 of the Plaintiff's Second Amended Complaint.

149.    In doing so, Defendant Officers' conduct was extreme and outrageous and caused the Plaintiff severe, disabling emotional distress.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 149 of the Plaintiff's Second Amended Complaint.

150.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 150 of the Plaintiff's Second Amended Complaint.

151. As a result of this misconduct, Plaintiff sustained injuries, including physical injury and sickness, and emotional pain and suffering, as is more fully alleged above.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 151 of the Plaintiff's Second Amended Complaint.

**Count XI (Count VIII-*sic*) -- State Law Claim
Respondeat Superior**

152. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs # 1 – 151 as her answer to Paragraph # 152 of Plaintiff's Second Amended Complaint.

153. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members of the Rockford Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** The Defendant is without sufficient information or knowledge to form a belief and answer regarding the truth or falsity of the allegations of Paragraph # 153 of the Plaintiff's Second Amended Complaint.

154. Defendant City of Rockford is liable as the principal for all torts committed by its agents.

**ANSWER:** The Defendant denies the allegations of Paragraph # 154 of the Plaintiff's Second Amended Complaint.

**Count XII (Titled as Count IX-*sic*) -- State Law Claim**
**Indemnification**

155.    Each of the Paragraphs of this Complaint is incorporated as if restated fully

herein.

**ANSWER:**  Defendant incorporates her answers to Paragraphs # 1 – 154 as her answer

to Paragraph # 155 of Plaintiff's Second Amended Complaint.

156.    Illinois law provides that public entities are directed to pay any tort judgment for

compensatory damages for which employees are liable within the scope of their

employment activities.

**ANSWER:**  The Defendant admits the allegations of Paragraph #156 of Plaintiff's

Second Amended Complaint.

157. The Defendant Officers are or were employees of the Rockford Police Department,

and acted within the scope of their employment in committing the misconduct described

herein.

**ANSWER:**  The Defendant is without sufficient information or knowledge to form a

belief and answer regarding the truth or falsity of the allegations of Paragraph # 157 of

the Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant SHERYL LINDMARK AS THE PERSONAL

REPRESENTATIVE OF THE ESTATE OF GREGORY LINDMARK respectfully prays this

Court to dismiss Plaintiffs' Seconded Amended Complaint, with costs and expenses being

assessed to Plaintiffs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK, by and through her attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP, and for her Affirmative Defenses to Plaintiff's Second Amended Complaint, states as follows:

1. The actions of GREGORY LINDMARK were undertaken in his capacity as a police officer and were further and subjectively objectively reasonable based upon the totality of the circumstances.

2. The actions of GREGORY LINDMARK were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity and statutory immunity under the Illinois Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq.

3. The actions of GREGORY LINDMARK were undertaken in his capacity as a police officer and further fall within the protections afforded by qualified immunity inasmuch as all of his actions were undertaken as police officers acting within the scope of his discretion in making an arrest.

### SECOND AFFIRMATIVE DEFENSE
### Collateral Estoppel and *Res Judicata*

1. As the basis of his claims, Plaintiff alleges that coerced and/or fabricated inculpatory evidence were introduced and exculpatory evidence was suppressed at his jury trial, and such introduction and suppression, resulted in his wrongful conviction.

2. Plaintiff failed to raise the issue of suppression of exculpatory evidence, specifically the "Dowthard Tapes", on direct appeal from his criminal conviction.

3. Subsequently, during *post*-conviction petition litigation, the Illinois Appellate Court for the Second District, affirmed the trial court's findings of fact that: (a) Defendant Palmer's testimony is incredible and unbelievable; (b) so-called third party admissions were inadmissible; (c) lay witnesses at trial were believable, and without assigning blame for the production of the "Dowthard Tapes," in such close proximity to their first trial, (d) Plaintiff was entitled to an opportunity, at a new trial, to cross-examine Alex Dowthard about this tape-recorded statements while in custody.

4. By filing this claim in federal court, Plaintiff attempts to re-litigate issues relating to the alleged introduction of alleged coerced and/or fabricated inculpatory evidence; and suppression of exculpatory evidence at his criminal trial, for which the Illinois Appellate Court for the Second District has affirmed the trial court's findings of fact during Plaintiff's *post*-conviction petitions.

5. Pursuant to *Migra v Warren City School District Bd. Of Ed.,* 465 U.S. 75 (1984) and *Wozniak v. DuPage County*, 845 F.2d 677, 680 (7th Cir. 1988), the rulings on Plaintiff's *post*-conviction petitions should be given the same preclusive effect they would be given in state court. Therefore, Plaintiff is precluded from re-litigating those claims before this Court and is bound by the state court decisions under collateral estoppel and *res judicata*.

### THIRD AFFIRMATIVE DEFENSE
#### Comparative Fault

To the extent any injuries or damages claimed by the Plaintiff were approximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff as reflected in public record, including, but not limited to, police reports,

any verdict or judgment obtained by Plaintiff must be reduced by an amount commensurate with the degree of fault attributed to the Plaintiff by the jury in this case.

### FOURTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

To the extent Plaintiff failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principal that a Plaintiff must mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint has failed to state a cause of action against the Defendant, SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK, for punitive damages, in that a claim for punitive damages in the present action does not survive an alleged tortfeasor's death as said claim does not act as retribution against the Defendant and will not deter the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

For its sixth affirmative defense to Count VIII (titled as Count VIII of Plaintiff's Second Amended Complaint), the Defendant, SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK, states as follows:

1. Count VIII of Plaintiff's Second Amended Complaint is brought pursuant to the Federal Civil Rights Act of 1866, 42 U.S.C. § 1983 and sounds in the Illinois common law tort of malicious prosecution.

2. Count VIII is affirmatively barred by the holding of the U.S. Court of Appeals in *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) ("[T]he existence of a tort

claim under state law knocks out any constitutional theory of malicious prosecution."); *see also*, *Armstrong v. Daily*, 786 F.3d 529, 541 (7th Cir. 2015).

WHEREFORE, Defendant, SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK, respectfully prays this Court to dismiss Plaintiff's Second Amended Complaint, with costs and expenses being assessed to Plaintiff.

## JURY DEMAND

Defendant, SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

SHERYL LINDMARK AS THE INDEPENDENT
EXECUTOR OF THE ESTATE OF
GREGORY LINDMARK, Defendant

BY:  BARRICK, SWITZER, LONG,
BALSLEY & VAN EVERA, LLP

BY:  /s/ Robert C. Pottinger
Robert C. Pottinger

BY:  /s/ Darron M. Burke
Darron M. Burke

Attorney Robert C. Pottinger (6202815)
Attorney Darron M. Burke (6302978)
**BARRICK, SWITZER, LONG,**
**BALSLEY & VAN EVERA, LLP**
6833 Stalter Drive
Rockford, IL  61108
(815) 962-6611
rcpottinger@bslbv.com
dburke@bslbv.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was served upon the following:

**PLAINTIFF TYJUAN ANDERSON:**
Attorney Thomas P. Frerichs
tfrerichs@frerichslaw.com
Attorney Steven Allen Greenberg
greenberglaw@me.com

**CITY OF ROCKFORD**
Kerry Franklin Partridge
Kerry.Partridge@Rockfordil.gov
Troiana.gearns@Rockfordil.gov
Ifeanyichuckwu C. Mogbana
Ifeanyi.mogbana@rockfordil.gov
Toriana.gearns@rockfordil.gov

**DEFENDANTS DOMINIC IASPARRO, JOSEPH STEVENS, JAMES RANDALL, SCOTT MASTRIOANNI, THEO GLOVER, KURT WHISENHAND, TORRY REGEZ, BRAD LARSON, AND ROCKFORD POLICE OFFICER GRINDEY**
Attorney Andrew T. Smith
ATS@cicerofrance.com
Attorney Paul R. Cicero
Prc@cicerofrance.com

**DEFENDANT DOUG PALMER**
Attorney Stephen E. Balogh
sbalogh@wilmac.com
cmerwin@wilmac.com
Attorney Laura D. Mruk
lmruk@wilmac.com
dgriffey@wilmac.com
Attorney Joel M.L. Huotari
jhuotari@wilmac.com
dgriffey@wilmac.com
sczlapinski@wilmac.com

**DEFENDANT SHERYL LINDMARK AS THE INDEPENDENT EXECUTOR OF THE ESTATE OF GREGORY LINDMARK**
Attorney Robert C. Pottinger
rcpottinger@bslbv.com
ehenderson@bslbv.com
Attorney Darron M. Burke
dburke@bslbv.com
dharris@bslbv.com

by electronic mail addressed as above on March 2, 2016.

/s/ Darron M. Burke_____