IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LUMONT JOHNSON and ANTHONY ROSS, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 15 CV 50064 |
| | ) | |
| vs. | ) | Judge Frederick J. Kapala |
| | ) | |
| CITY OF ROCKFORD, *et al.,* | ) | Magistrate Judge Iain D. Johnston |
| | ) | |

| | | |
|---|---|---|
| TYJUAN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 50065 |
| | ) | |
| vs. | ) | Judge Frederick J. Kapala |
| | ) | |
| CITY OF ROCKFORD, *et al.,* | ) | Magistrate Judge Iain D. Johnston |
| | ) | |

**OBJECTIONS TO THE FEBRUARY 13, 2017 ORDER
OF THE MAGISTRATE JUDGE (Doc. 145)**

NOW COMES Plaintiff Tyjuan Anderson and respectfully asks this Honorable Court to reject the order of February 13, 2017 by Magistrate Judge Johnston as it applies to the case of Tyjuan Anderson (15 CV 50065). In support thereof, he states as follows:

On February 13, 2017, Magistrate Judge Johnston entered an order (J-Doc. 166 and A-Doc. 145[1]) granting defendants' Motion to Exclude the Testimony of Casel Montgomery (A-Doc. 140; J-Doc. 162) in the Anderson case only. This was done despite the fact the cases are

---

[1] The Anderson docket is referred to by "A" and the Johnson/Ross by "J".

consolidated for discovery, and the law and facts in the defendants' Motion are the same as applied to both. [2]

There was no legal authority for the court to bar this witness. So not surprisingly, the court did not cite any. It appeared that the court's ruling was simply a punitive reaction to the fact that plaintiff Anderson had not filed a written response to the discovery motion, even though a written response had been filed by plaintiffs Johnson and Ross on behalf of *all* plaintiffs (A-Doc. 144 and J-Doc. 165) in both cases, that the cases have been consolidated for the purposes of discovery (A-Doc. 46 and J-Doc. 59) and that said consolidation has been repeatedly reiterated by the court (A-Docs. 63, 68.).

The ruling was contrary to the way this cause has proceeded, and the court's own internal rules.

### A. The Plaintiff's Cases Have Always Been Addressed as A Single Case

From the start, these cases have proceeded in tandem. The plaintiffs have conducted discovery jointly. All of the depositions have been taken together. There are tens of thousands of pages of discovery documents. A single set was provided on behalf of all three plaintiffs. Defense counsel did not want duplicate sets from each plaintiff or each case. It is an arrangement that is preferred by and benefits counsel for both sides, in that they are not required to create and compare duplicitous records; instead there is a single set of bates stamped materials. Similarly, a single set was originally provided by the defense.

Identical pleadings have been filed in the two cases, often with both captions on a single pleading. The court has repeatedly required that any pleading filed in one case be cross-filed in

---

[2] Even though the Motion was to apply in both cases, the defendants failed to mention or attach as an exhibit Anderson's Rule 26(a)1 disclosures, which included Montgomery. A copy is attached hereto as Exhibit A.

the other, and noted when they were not (A-Docs 103, 110, 124 and J-Docs. 118, 127, 146) and indeed, in some instances, struck the pleading when the filing party failed to do so (A-Doc 115 and J-Doc. 136). All prior filings that have been made in one case applied to both cases, and even when a pleading was filed in only one case, or even when the attorneys for only one of the plaintiffs was present in court. the court has ruled and proceeded on both causes (See Doc A-107; and A-Doc 87 p 27 and A-Doc A-164 pp 7 and 16).[3] Thus far, the court had always treated pleadings as if they were filed on behalf of both plaintiffs.

And even when the court, for the first time, ruled differently in a discovery matter for the consolidated plaintiffs – allowing a witness to testify in one case but not the other -- it nonetheless filed an identical order to the respective dockets (Doc. A- 145 and J-166) that referred to the plaintiffs as a group, and did not specify or differentiate which were to pay the witness expenses cited therein, even though the court was not referring to Anderson.

### B. A Response Was Filed in Anderson's Case

On February 10, 2017, attorneys for plaintiffs Johnson and Ross filed a voluminous response to the defendants' Motion to Exclude the Testimony of Casel Montgomery on behalf of all plaintiffs. The response was filed in both cases, (A-Doc. 144 and J-Doc. 165) and it was counsel for Anderson's understanding and expectation (which was shared by the counsel for Johnson / Ross) that the response was also on behalf of his client. But after the court expressed

---

[3] The complaints are almost entirely the same, both in their factual allegations, and legal claims. If there are summary judgment motions it is most likely they will be the same, and far less confusion will entail if those too are consolidated. If there are trials, surely it is likely the cases will be tried together. Indeed, in the state court Anderson and Johnson were originally tried together, the post-conviction proceedings for all three plaintiffs were consolidated, and they had a single-joint retrial.

3

irritation regarding the size of the response, it paradoxically stated it expected an additional written response to be filed on behalf of plaintiff Anderson.

Had Anderson prepared his own filing, it would have been the same as the one filed by Johnson and Ross, (A-Doc. 144 and J-Doc. 165) and he would have had to file the same pleading in the case of Johnson and Ross as well, per the court's prior orders. (A-Docs 103, 110, 115, 124 and J-Docs. 118, 127, 136, 146). It would literally have said, "me, too." This would have resulted in enormous duplication in the record and an overwhelming and duplicative set of materials being provided to the court. The whole purpose of consolidating these cases for discovery is to conserve resources, not to needlessly expend them. Plaintiffs' counsels have endeavored to do just that.[4]

The arrangement between counsel for all plaintiffs is not dissimilar from the one that defendants enjoy. Indeed, the defendants' motion to exclude (A-Doc. 140; J-Doc. 162) was prepared and filed by one counsel, on behalf of all. Each defendant did not file their own motion, nor did each law firm. The defendants' Rule 26(a)1 disclosures were all submitted by one

---

[4] From Anderson's 26(a) disclosure:

### 2. Rule 26(A)(1)(A)(ii) Disclosures:

Plaintiffs Ross and Johnson have produced one flash-drive containing trial transcripts, appeals, audio recordings, post-conviction pleadings, post-conviction discovery, police reports, medical examiner reports, news articles, witness statements, and judicial opinions. Those documents bear bates numbers Ross-Johnson 1-25667. Anderson would produce the same documents. In accordance with the agreement to avoid duplicitous production Anderson adopts the production of Ross and Johnson.

4

defendant and adopted by the others. The same is generally true with respect to their document disclosures. (To the extent it might be required, plaintiff Anderson hereby incorporates A-Doc. 144 and J-Doc. 165 to this pleading.)

### C. The Court's Own Rule Did Not Require a Written Reply

Before the defendants filed their motion, the court had ordered all counsel to appear in person for the February 13th status. Then, although counsel appeared, the court refused to allow Anderson's counsel to speak at the hearing on the motion, and summarily ruled to exclude the witness.[5]

The court's stifling of counsel was contrary to the court's own standing order https://www.ilnd.uscourts.gov/judge-cmp-detail.aspx?cmpid=783 which specifies that a written response to a discovery motion is allowed, but not required ("The Court will generally rule on discovery motions on the day of presentment after argument and without further briefing. But nothing prevents a party from filing a written response to a discovery motion.").[6] It was also completely unwarranted.

### D. The Defendants' Motion Had No Merit

It is not surprising that the court has not relied upon any authority since the defendants' motion was completely without merit. In a befuddling claim, defendants wrote they had no idea that plaintiffs were alleging that Casel Montgomery was one of the real killers of Demarcus Hanson, and that they would be prejudiced if he were to be deposed after the discovery cut-off.

---

[5] Attorney Greenberg was on trial before Judge Tharpe from September 6 – December 28, 2016 in *U.S. v. Chester, et al,* 13 CR 774. His trial setting was made known to other counsel when set. On December 28th, he left for a 19-day family trip to Japan. If a status was missed, all counsel for Anderson apologize. Still, that is not a reason for this sanction.

[6] In the same vein, defendants made no effort to comply with Local Rule 37.2. They did not contact Anderson's counsel to confer, as required, and accordingly did not include the required certification in their motion. Nonetheless, the court heard the motion.

5

Their claimed "surprise" is nonsense. Seeking to bar him as a witness because they were "surprised" is to disregard the record. Defendants knew that plaintiffs were alleging Montgomery was one of the real killers from the inception of this litigation. Plaintiffs' Complaint makes that clear. Montgomery, it was noted, invoked his Fifth Amendment rights when questioned about the murder; and the police had received specific and credible evidence implicating him; but forced the witness who came forward with the information to recant it. (A-Doc. 64, p 2, ¶8; pp 11-12 , ¶¶72-80).

Likewise, Montgomery is included in plaintiffs' Rule 26(a)(1) disclosures; repeatedly appears in answers to the defendants' interrogatories; was asked about during questioning of the defendants at their depositions; and transcripts of the post-conviction and criminal trial proceedings in which the plaintiffs argued, as they have here, that Montgomery (and his now-deceased co-conspirator, Kefentse Taylor) were guilty of the Hanson murder. In fact, it was so obvious that the plaintiffs were pointing the finger at Montgomery that the defendants asked plaintiffs in interrogatories about their interactions with Montgomery on the night of the murder.[7]

---

[7] In response to interrogatory No. 9 Anderson wrote, in part: "The Individual Defendants unlawfully concealed, withheld and destroyed any evidence demonstrating that other people – specifically Kefentse Taylor and Casel Montgomery – in fact committed the crime. Defendant Lindmark instructed the Individual Defendants, including Defendant Palmer, to discredit anyone implicating Taylor and Montgomery or varying in any way from the police version of events. *See* Bates Ross-Johnson 10722.

Bryce Croft, who was with Taylor and Montgomery on the night of the shooting, provided detailed and credible information that directly implicated them in the murder of Demarcus Hanson to the Individual Defendants, including Defendant Palmer. *See* Bates Johnson-Ross RPD 7548-51. Rather than investigate the leads Croft provided, Defendants Palmer and Mastroianni brought him in a second time and provided him with a fabricated statement. *See* Bates Johnson-Ross JR 11389-11464, Johnson-Ross 239-246. The Defendants coerced, intimidated and threatened Croft until he signing the false statement, which had been written out for him in advance. *See* Bates Johnson-Ross JR 11389-11464, Johnson-Ross 239-246.

The Individual Defendants also had credible information from Charles Griffin that Montgomery and Taylor were responsible for the murder of Demarcus Hanson. *See* Bates

6

To the extent the defense motion claims the plaintiffs failed to disclose "trial witnesses' expected testimony" ( A-Doc. 140 ¶ 15 and J-Doc. 162 ¶ 15) the motion is frivolous.

But even if the court was justified in not allowing counsel to speak to the motion, that does not make the ruling legally correct. There is no rule or precedent that supports the barring of this witness.

None of the cases that the defendants cited were the least bit supportive of the relief they sought, the barring of the witness. Two of the cases – *David v. Caterpillar*, 324 F.3d 851, 857-58 (7th Cir. 2003), and *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1089 (N.D Ill. 2007) – concern the failure to disclose a witness. (*See Caterpillar*, 324 F.3d at 857-58 (noting that the plaintiff had failed to supplement her Rule 26(a)(1) disclosures and interrogatory responses); *Thomas*, 514 F. Supp. 2d at 1089 (notably the sole statement on this issue is a single sentence stating that "Plaintiff does not object to defendants' . . . motion *in limine* to bar any previously undisclosed witnesses . . . ."). Still, in *Caterpillar*, notwithstanding the failure to disclose, because the defendant "knew Dieckow was a potential witness for eighteen months; it interviewed Dieckow and learned the subject of his testimony prior to trial; it did not seek a continuance; and it was

---

Johnson-Ross 19373. Griffin informed the Individual Defendants that Taylor had confessed to the Hanson homicide. *Id*. Despite the obvious exculpatory value of that statement, it was never turned over to the prosecutor or to Plaintiffs' criminal defense attorneys. The Individual Defendants told Griffin that if his information was not about the Plaintiffs, then they did not want to hear it. *Id"*.

Then, in interrogatory No. 10 the defendants asked plaintiffs to "Describe your individual whereabouts and activities from 6:00 P.M. on April 13, 2002 through 6:00 A.M. on April 14, 2002. Please provide a detailed description and timeframe of said whereabouts and activities, including but not limited to any interactions and/or phone calls with Casel Montgomery or Kefentse Taylor, including a detailed description of the timeframe of any such interactions, and any interactions involving gunshots fired by Alexander Dowthard in your direction, including a detailed description of the timeframe of any such interactions, as well as the names, addresses, and telephone numbers of any persons with whom you came into contact with during the time period described above".

7

able to rebut directly Dieckow's testimony at trial," the witness should not be barred. *Caterpillar*, 324 F.3d at 858.

The sole other case defendants cited was *Anglin v. Sears, Roebuck and Co.*, 139 F. Supp. 2d 914, 917-18 (N.D. Ill. 2001). In *Anglin*, the court barred the plaintiff's expert from testifying at trial because the plaintiff had failed to produce him for a deposition during expert discovery. That is far different than Montgomery, a hostile witness who has refused to sit for his deposition or participate in a Rule to Show Cause proceeding.

### E. There Is No Legal Basis to Bar This Witness

In any event, that Montgomery has not been deposed is not a reason to bar him as a witness. First, plaintiffs were under no obligation to depose this witness. There is no rule that says that plaintiffs must depose a witness to call that witness at trial. All the rule requires is that the witness be disclosed, and this one was.

Nor is there any requirement that Anderson should depose the witness. Even if the witness is deposed in the future, and Anderson choose to not participate, the testimony would still be admissible under F.R.E. 804(b)(1). The rule provides for the admission of evidence as an exception to the hearsay rule where the declarant is unavailable as follows:

> testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with the law or in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

Federal Rules of Evidence, 804(b)(1).

Given the identity of the issues and the defendants similar interest to develop the evidence in the Jackson/Ross case, any deposition taken in that case would be admissible in Anderson's.

**F. Anderson Is Properly Represented**

In their motion, defendants implied that Anderson's counsel has not been involved in the efforts to depose Montgomery, as if that were a reason to bar (they again cite no authority). The representation is misleading at best. Counsel for Anderson planned to participate by telephone in the deposition of Montgomery on August 1, and again on February 1. This was because counsel did not expect to ask any questions, having already reviewed all matters with counsel for Ross and Johnson, who was personally appearing. Each of the defendants, or any of them, could have done the same and conserved resources.

Just as with the underlying criminal cases, much of the pretrial work, and legal writing is being handled by the Loevy firm. Why? Because they do it well. All plaintiffs' counsel are fine with this arrangement, as are the individual plaintiffs. That does not mean that counsel for plaintiff Anderson is not involved. Counsel has attended depositions both in person and by phone, propounded written discovery, answered discovery, has filed pleadings when required, and is intimately involved in assisting counsel for Ross and Johnson.[8]

WHEREFORE, based on the foregoing, plaintiff Tyjuan Anderson respectfully asks this Honorable Court reject the order of February 13, 2017 by Magistrate Judge Johnston as it applies

---

[8] It appears, based on the court's questioning at the December 15, 2-16 transcript (A-Doc. 143 and J-Doc 164) when the court asked if the counsel were too busy (*Id.* p.5) and inquired what they had done on behalf of the client (*Id.* p.6), and the fact the court similarly chastised counsel on February 13, 2017, that the court does not approve of Anderson's counsels' efforts. Regardless, that is no basis for the order in question. Furthermore, the court is mistaken, and plaintiff's counsel was incorrect when he told the court plaintiff Anderson had not served written discovery (*Id.* p.7). To be clear, Anderson did so. He also submitted his own Rule 26(a)1 disclosures (and wonders why defense counsel did not correct this misstatement for the court's benefit.) Motions and replies have represented the considered input of all counsel.

to the case of Tyjuan Anderson (15 CV 50065) and the testimony of Casel Montgomery and for any such further relief that this Court deems just.

                                                RESPECTFULLY SUBMITTED:

                                                s/ Steve Greenberg
                                                Attorney for Tyjuan Anderson

Steven A. Greenberg
Steven A. Greenberg and Assoc., Ltd.
53 W. Jackson Blvd., Suite 1260
Chicago, IL 60604
(312) 879-9500